## Gundaker Estate

*S. Lloyd Moore* and *Moore, James, Wright & Gibbons*, for petitioner.

*Hugh P. Connolly*, for Commonwealth.

SHOYER, J., October 26, 1962.— . . . The sole question requiring adjudication arises from the petition filed by the accountant to transfer the *situs* of the trust for Guy, Jr., of which the First National Bank of Akron, Akron, Ohio, is the testamentary trustee, for administration under the jurisdiction of the Probate Court of Summit County, Ohio. The petition recites the relevant probate and testamentary provisions; the pendency of the executor's account; that no taxes are due to the Commonwealth of Pennsylvania nor to any political subdivision thereof; that there are no creditors of the trust in the Commonwealth of Pennsylvania; that the First National Bank of Akron, Akron, Ohio, and Guy Gundaker, Jr., his wife, and son, Guy, 3rd, are all domiciled and reside in Summit County, Ohio; that upon petition of Guy Gundaker, Jr., joined in by his wife and their two children, the Probate Court of Summit County, State of Ohio, has *assumed jurisdiction* over the trust and over the First National Bank of Akron, Trustee, under the will and codicil of Guy Gundaker, deceased; and the trustee, with the approval of the Probate Court of Summit County, Ohio, has entered security, as appears from an exemplified copy

of the appointment (attached to the petition), and recites that it would be more convenient for the testamentary trustee and the parties beneficially interested to remove the situs of the trust to the jurisdiction of the Probate Court of Summit County, Ohio.

As appears from the copy of the notice, hereto annexed, all parties in interest who are sui juris are stated to have had adequate notice and have made no objection to the proposed change of situs.

Section 309 of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.309, provides:

"A court having jurisdiction of a testamentary or inter vivos trust, on application of a trustee or of any party in interest, after such notice to all parties in interest as it shall direct . . . after such accounting and such provision to insure the proper payment of all taxes to the Commonwealth and any political subdivision thereof as the court shall require, may direct . . . that the situs of the trust shall be changed to any other place . . . if the court shall find the change necessary or desirable for the proper administration of the trust. Upon such change of situs becoming effective by the assumption of jurisdiction by another court, the jurisdiction of the court as to the trust shall cease and thereupon the situs of the trust for all purposes shall be as directed by the court."

The quoted section of the act was considered and discussed by this court in connection with the application which was approved for the change of situs under substantially similar circumstances in Newbold Estate, 28 D. & C. 2d 92, 12 Fiduc. Rep. 547.

A factor here present, but absent in Newbold, which requires consideration is the testamentary provision relating to both principal and income, and known as a spendthrift trust clause. The Pennsylvania courts zealously uphold such clauses because of the testator's individual right of property in the execution of the

trust, and to deprive the donor of this right would be a fraud on his generosity: Grote Trust, 390 Pa. 261; Borsch Estate, 362 Pa. 581. The zeal exercised by the courts of Ohio is less certain, but such authority as exists tends to construe similar testamentary provisions as a valid restraint on alienations by the beneficiary and an effective protection from execution by creditors. See The Spendthrift Trust in Ohio—Rejection or Recognition, 27 Univ. Cinn. Law Rev. 287 (1958).

The courts of Pennsylvania are strongly committed to the proposition that "A just government ought as emphatically to protect wills as deeds and contracts. Because, by so doing, not only the rights of the living are secured, but also the rights of the dead—rights which all civilized nations regard . . .": Ervine's Appeal, 16 Pa. 256, 265, as quoted with approval in both Grote and Borsch, supra. Legislative policy is to the same effect: Grote Trust, supra, p. 275. In view of this vigorous and well defined policy it would be error for me to authorize a transfer of situs if the change were to hinder the carrying out of testator's intent: Cannistra Estate, 384 Pa. 605, 607. However, it is testator himself who nominated the Ohio trust company. Presumably he was willing that this trust should be administered according to Ohio law. As expressed in Restatement, Conflict of Laws, §298, Comment c: "If the testator appoints as trustee a trust company of another state, presumptively his intention is that the trust should be administered in the latter state; the trust will, therefore, be administered according to the law of the latter state." I am of the opinion that transfer of the situs will be in furtherance of testator's intent.

In view of the foregoing, the auditing judge, by decree entered even date herewith, has ordered the situs of the trust created under the will of Guy Gun-

daker, deceased, for the benefit of Guy Gundaker, **Jr.**, transferred to the Probate Court of Summit County, Ohio. An award will be made accordingly. . . .

And now, October 26, 1962, the account is confirmed nisi.